## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

VICTORIA SANDERS,

     Plaintiff,

v.                       Case No. <u>5:22-cv-00264</u>

COOK-WHITEHEAD FORD, INC.
d/b/a AUTONATION FORD,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, VICTORIA SANDERS, sues Defendant, COOK-WHITEHEAD FORD, INC. d/b/a AUTONATION FORD, and alleges:

## **JURISDICTION**

1.    This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claim arises under the civil rights laws of the United States.

2.    This Court has personal jurisdiction over the parties to this action because Plaintiff subjects herself to the jurisdiction of this Court and over Defendant, pursuant to 28 U.S.C. § 1391(d), because it is registered to do business in the State of Florida, has an office for the transaction of business within the judicial district of this Court, and would be subject to personal jurisdiction in this Court's judicial

district if the Court's judicial district were a separate state; and because, in accordance with 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3), the unlawful employment practices alleged in this civil action occurred within this Court's judicial district.

## VENUE

3.    Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district of this Court, and Defendant is subject to the Court's personal jurisdiction with respect to this civil action.

## THE PARTIES

4.    Plaintiff, VICTORIA SANDERS, is a citizen of the United States, domiciled and residing in Panama City, Bay County, Florida.

5.    Defendant, COOK-WHITEHEAD FORD, INC. d/b/a AUTONATION FORD, is a Florida profit corporation with its principal place of business located at 730 West 15th Street, Panama City, Florida, 32401. It is registered to do business in the state of Florida, and its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## CONDITIONS PRECEDENT

6.    The Plaintiff exhausted her administrative remedies prior to filing this complaint, and the complaint is timely filed thereafter.

## **STATEMENT OF THE ULTIMATE FACTS**

7.     Plaintiff began her employment as Defendant's finance director in October 2017.

8.     In November 2021, Plaintiff objected to and refused to participate in a violation of a law, rule, or regulation when one of her associates created a fraudulent check stub for a customer for the purpose of defrauding the lender into believing that the customer's purchasing power was greater than it was.

9.     Plaintiff notified Steve Martin, Jr. (general manager) of this violation of law and notified him that she was taking some time off from work until Defendant either terminated the employment of the above referenced sales associate or removed him from Defendant's premises. Defendant ratified this employee's illegal behavior.

10.     On November 18, 2021, Defendant terminated Plaintiff's employment within two (2) weeks of her protected whistleblowing activities for alleged job abandonment.

11.     This proffered reason for termination is a pretext, as proof will also show that Defendant's District Manager asked Plaintiff to work from home during the period of time in which Defendant alleges that Plaintiff abandoned her job, and Plaintiff was working from home pursuant to those instructions.

12.     Additionally, Plaintiff and Mr. Martin were engaged in a sexual relationship from 2019 until 2021.

13.     Plaintiff terminated this relationship in late summer of 2021, much to the chagrin of Mr. Martin.

14.     In retaliation for Plaintiff ending the sexual relationship with Mr. Martin, Mr. Martin recommended and participated in the employment termination of Plaintiff.

15.     Additionally, approximately one (1) month after Defendant terminated Plaintiff's employment, Plaintiff conducted a job interview with Defendant (with Mr. Martin conducting the interview).

16.     During this interview, which took place in December 2021, Mr. Martin advised Plaintiff that Defendant would rehire Plaintiff (albeit at a demoted position) and that she could begin her new job with Defendant in early January 2022.

17.     When January 2022 arrived, Defendant refused to rehire Plaintiff for unlawful discriminatory and retaliatory reasons.

18.     Plaintiff has retained the undersigned to represent her in this action and is obligated to pay him a fee for his services.  Defendant should be made to pay that fee pursuant to the applicable statutes at issue herein.

## COUNT I
## SEXUAL HARASSMENT AND DISCRIMINATION

19.     Plaintiff incorporates by reference paragraphs 1-18.

20.     At all times material there was in full force and effect, Title VII, which, in material part, prohibits an employer from discriminating against an employee on the basis of sex.

21.     Sex discrimination includes harassment based on an employee's sex by the employer or supervisory personnel, and failing to take adequate remedial measures to protect employees from sexual harassment caused by fellow employees.

22.     Defendant violated Title VII by discriminating against Plaintiff based on her sex.  The discrimination took the form of sexual harassment from supervisory personnel, Steve Martin, Jr.

23.     Defendant is liable under Title VII for failing to take adequate remedial measures to protect Plaintiff from sex discrimination in the form of sexual harassment from Mr. Martin.

24.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, loss of income, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## COUNT II
## GENDER-BASED DISCRIMINATION

25.     Plaintiff incorporates by reference paragraphs 1-18.

26.     This is an action against Defendant for discrimination based upon gender, brought under 42 U.S.C. §2000e, et seq.

27.     Plaintiff has been the victim of discrimination on the basis of her gender in that she was treated differently than similarly situated employees of Defendant who are male, and has been subject to hostility and poor treatment on the basis, at least in part, of her gender.

28.     Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting her, or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

29.     Furthermore, Defendant knowingly condoned and/or ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

30.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

31.     In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

32.    The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant.

33.    The events set forth herein led, at least in part, to the adverse actions against Plaintiff including, without limitation, to her termination as a further act of retaliation.

34.    Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e, et seq.

35.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. Plaintiff is also entitled to equitable/injunctive relief under this count.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

36.    Plaintiff incorporates by reference paragraphs 1-18.

37.    In addition to prohibiting discrimination on the basis of sex, Title VII also prohibits an employer from retaliating against an employee who brings a claim or complains about an act that would violate Title VII.  Because Plaintiff ended her

sexual relationship with Steve Martin, Plaintiff was protected from retaliation as a result.

38.     Defendant nevertheless retaliated against Plaintiff because she ended her sexual relationship with Mr. Martin. The events set forth herein led, at least in part, to Plaintiff's termination, as well as Defendant's refusal to rehire Plaintiff after interviewing Plaintiff for a job in December 2021.

39.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, loss of income, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

### COUNT IV
### VIOLATION OF CHAPTER 448, FLORIDA STATUTES VII

40.     Plaintiff incorporates by reference paragraphs 1-18.

41.     This is an action brought under §448.101, et. seq., Florida Statutes.

42.     As set forth in greater detail above, during the course of Plaintiff's employment with Defendant, Plaintiff objected to and refused to participate in certain practices of Defendant that violated a law, rule or regulation.

43.     After Plaintiff objected to and refused to participate in Defendant's practices that violated a law, rule, or regulation, and in retaliation for Plaintiff's objection and refusal to participate in said practice, Defendant terminated Plaintiff's

employment, and refused to rehire Plaintiff after her job interview with Defendant in December 2021.

44.     As a direct and proximate cause of Plaintiff's whistle blowing activities identified herein, Plaintiff has suffered damages, which include but are not limited to lost wages and other tangible and intangible damages, and every other damage allowed by law, including emotional pain and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a) that this Court cause proper process to issue requiring the Defendant to answer Plaintiff's complaint;

b) that this Court empanel a jury to try all issues so triable;

c) that this Court enter judgment against Defendant declaring it to have violated Plaintiff's rights under Title VII;

d) that this Court enter judgment against Defendant for its violation of Title VII and award Plaintiff damages permitted as matter of law;

e) that this Court enjoin Defendant from further violations of Title VII against Plaintiff;

f) that this Court award Plaintiff reasonable attorneys' fees, costs, pre-judgment interest and such other relief to which she may be entitled; and

g) grant such other further relief as being just and proper under the circumstances.

Dated November 15, 2022.

Respectfully submitted,

By: /s/ *Ryan B. Hobbs*
Ryan B. Hobbs, Esq.
Fla. Bar No. 44179
**BROOKS, LEBOEUF, FOSTER,**
    **GWARTNEY & HOBBS, P.A.**
909 East Park Avenue
Tallahassee, Florida 32301
850-222-2000 / 850-222-9757 (fax)
rhobbs@tallahasseeattornyes.com
jeanetta@tallahasseeattorneys.com

*Attorneys for Plaintiff*